UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BRIAN KEITH REDSTAR WALKER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Nos. 3:10-cr-56-PLR-HBG-3 |
| ) | 3:13-cv-597-PLR |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion") [Doc. 278].[1] The United States responded in opposition to the petition [Doc. 281]; Petitioner replied in turn [Doc. 288]. During the pendency of the action, Petitioner also filed a motion for leave to supplement his § 2255 motion [Doc. 290]; a motion for summary judgment [Doc. 298]; and a motion to reduce sentence pursuant to 18 U.S.C. 3582(c) [Doc. 299].

For the following reasons, Petitioner's motion for leave to supplement [Doc. 290] and his motion for summary judgment [Doc. 298] will be **DENIED as moot**. Petitioner's § 2255 motion [Doc. 278] will be will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court, by separate memorandum opinion and order, will address the merits of Petitioner's motions for reduction in sentence [Doc. 299].

I.  **BACKGROUND**

The facts surrounding Petitioner's convictions were recited in Petitioner's plea agreement and Presentence Report ("PSR") as follows:

---

[1] All citations to the record are found on the docket of Case No. 3:10-cr-56-3.

> [Petitioner] was a crack cocaine distributor in Roane County, Tennessee, and had been a regular purchaser of crack cocaine from co-defendant [Katrina] Clemons during the conspiracy period. Law enforcement interviewed [Petitioner] on that basis at which time he made a Mirandized statement and admitted to purchasing around a kilogram of crack cocaine from Clemons over the course of the conspiracy. Independent investigation puts that amount in excess of 1.5 kilograms. The parties agree that [Petitioner] bought and distributed between 840 grams and 2.8 kilograms of crack cocaine during the course of the conspiracy, and that this range is the amount of drugs for which he will be held responsible at sentencing.

On November 2, 2010, in a superseding indictment, a federal grand jury in the Eastern District of Tennessee charged Petitioner with conspiring to distribute and possess with intent to distribute at least fifty grams of cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (Count One) [Doc. 17-3]. Petitioner pleaded guilty to that charge pursuant to a plea agreement with the United States [Doc. 185]. As part of the plea agreement, Petitioner admitted to "[conspiring] to distribute and [possessing] with the intent to distribute 50 grams of a mixture or substance containing a detectable amount of cocaine base ('crack')" [*Id*. ¶ 1(a)]. Additionally, Petitioner agreed that he was pleading guilty because he was "in fact guilty" [*Id*.]. Petitioner also "voluntarily waive[d] [his] right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack [his] conviction(s) and/or resulting sentence" except in cases "of ineffective assistance of counsel or prosecutorial misconduct not known to [Petitioner] by the time of the entry of judgment" [*Id*. ¶ 13 (b)].

The Court, on September 19, 2011, sentenced Petitioner to 168 months' imprisonment, a term at the bottom of his Guidelines range [Doc. 214]. On appeal, the Sixth Circuit affirmed Petitioner's conviction and sentence [Doc. 222].

On October 7, 2013, Petitioner filed the present motion pursuant to 28 U.S.C. § 2255 [Doc. 278].

2

## II. TIMELINESS OF PETITION

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the one-year statute of limitations applicable to collateral challenges under § 2255 runs from the latest of: (1) "the date on which the judgment of conviction becomes final;" (2) "the date on which the impediment to making a motion created by Governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such Governmental action;" (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme court and made retroactively applicable to cases on collateral review;" or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f). In the case of a direct appeal, a petitioner's conviction becomes final upon either denial of certiorari or expiration of the ninety-day period in which to seek such review. *Clay v. United States*, 537 U.S. 522, 525, 532 (2003).

Petitioner has failed to establish or even assert that subsections (f)(2) or (f)(4) apply to his case. Specifically, he has not established that any illegal action by the Government prevented him from making the timely petition, or the existence of facts affecting his case that could not have previously been discovered through the exercise of due diligence. The timeliness of Petitioner's original motion thus hinges on its compliance with § 2255(f)(1) or (f)(3).

Under subsection (f)(1), Petitioner's one-year period for requesting relief expired on September 19, 2013, one year after his conviction became final for purposes of that section on September 19, 2012 [Doc. 268]. The original petition—filed on October 7, 2013—falls outside the permissible period for requesting collateral relief and is thus untimely under § 2255(f)(1).

3

Petitioner argues, however, that his petition is timely under § 2255(f)(3) because the statute of limitations period began to run from the date of the Supreme Court decision in *Dorsey v. United States*, 132 S. Ct. 2321 (2012) or, in the alternative, from the date of the Supreme Court decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). The Court disagrees. If the applicable one-year statute of limitations period started to run on the date of the *Dorsey* decision, Petitioner's § 2255 motion would still be untimely. The Supreme Court decided *Dorsey* on June 21, 2012. Thus, the window in which to file a timely § 2255 motion would expire one year after that date, on June 21, 2013. Because Petitioner filed his § 2255 motion on October 7, 2013, more than three months after the one-year statute of limitations period to file under *Dorsey* expired, Petitioner's motion under a renewed statute of limitations triggered by *Dorsey* would still be untimely.

Petitioner's attempt to rely on *Alleyne* to trigger subsection (f)(3)'s independent one-year filing period for relief also fails. Sixth Circuit precedent dictates that the *Alleyne* decision does not apply retroactively to cases on collateral review. *In Re Mazzio*, 756 F.3d 487, 488 (6th Cir. 2014) ("[A]ny new rule announced in Alleyne has not been made retroactive to cases on collateral review by the Supreme Court."); *Myrick v. United States*, No. 4:11-CR-13, 2015 WL 5514681, at *2 (E.D. Tenn. Sept. 16, 2015) (same). As such, *Alleyne* does not trigger a renewed statute of limitations that would result in Petitioner's motion being timely.

Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under limited, extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 101, 1007 (6lth Cir. 2001). Used sparingly, a petitioner bears the burden of establishing that equitable tolling applies to his case, *see Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), and must show "(1) that he has been pursuing his rights diligently, and (2)

4

that some extraordinary circumstance stood in his way and prevented timely filing," *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Hail v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 ("Absent compelling equitable considerations, a court should not extend limitations by even a single day"). Review of the original petition [Doc. 278] leads the Court to conclude that Petitioner has failed to identify a single extraordinary circumstance capable of explaining his failure to comply with the window for requesting timely collateral relief under § 2255(f). Accordingly, his § 2255 motion is **TIME-BARRED**.

### III. REMAINDER OF PETITIONER'S PENDING MOTIONS

In addition to the § 2255 motion addressed above, Petitioner also filed a motion for leave to supplement his § 2255 motion [Doc. 290]; and a motion for summary judgment [Doc. 298]. In light of the Court's resolution of the § 2255 petition, Petitioner's remaining motions [Docs. 290, 298] will be **DENIED as moot**.

### IV. CONCLUSION

For the reasons discussed above, Petitioner's motion for leave to supplement [Doc. 290] and his motion for summary judgment [Doc. 298] will be **DENIED as moot**. Petitioner's § 2255 motion [Doc. 278] will be will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court, by separate memorandum opinion and order, will address the merits of Petitioner's motions for reduction in sentence [Doc. 299].

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**

5