UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.   3:10-CR-056 |
| | ) | |
| BRIAN KEITH REDSTAR WALKER | ) | |

**MEMORANDUM AND ORDER**

The defendant has filed a *pro se* motion referencing Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which retroactively applies certain provisions of the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372. [Doc. 441]. Counsel subsequently filed a supplemental motion which also invokes the First Step Act. [Doc. 461].

The United States has responded in opposition to the motions. [Doc. 470]. That response addresses the First Step Act but also speculates that the counseled motion might instead be intended as one for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). The defendant has not submitted a reply within the time allowed by this Court's Local Rules.

For the reasons that follow, the defendant's motions—however they might be construed—will be denied.

**I.    Defendant's Eligibility for First Step Act Relief.**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks

omitted). One of those narrow exceptions is 18 U.S.C. § 3582(c)(1)(B), which provides that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute . . . ." The First Step Act, which was enacted on December 21, 2018, is one such statute.

Section 404(b) of the First Step Act instructs that the "court that imposed a sentence for a covered offense may, on motion of the defendant . . . , impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." A covered offense is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." First Step Act, § 404(a).[1]

Prior to the Fair Sentencing Act, 21 U.S.C. § 841 (as applied to the present defendant) mandated a sentence of at least ten years to Life imprisonment for violations of section 841(a)(1) involving 50 grams or more of cocaine base, to be followed by at least five years of supervised release. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (2009). For 841(a)(1) violations involving five grams or more (but less than 50 grams) of cocaine base, the statutory penalty range was five to 40 years, to be followed by at least four years of supervised release. *See id.* § 841(b)(1)(B)(iii). However, since the enactment of the Fair Sentencing Act, the 841(b)(1)(A)(iii) penalties now apply only to offenses involving 280 grams or more of cocaine base, and the 841(b)(1)(B)(iii) penalties apply to offenses

---

[1] Section 404(c) of the First Step Act imposes additional limitations, none of which apply in this case.

involving 28 grams or more (but less than 280 grams) that drug. *See* 21 U.S.C. § 841(b) (2018); *Dorsey v. United States*, 567 U.S. 260, 269 (2012).

By judgment entered September 19, 2011, the Honorable Thomas W. Phillips sentenced the defendant to 168-month term of imprisonment, to be followed by five years of supervision, for the cocaine base conspiracy charged in Count One of the Second Superseding Indictment. [Doc. 214]. Count One charged a conspiracy involving 50 grams or more of cocaine base. [Doc. 17].

As noted, the First Step Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . ," First Step Act, § 404(a). Thus,

> eligibility under the language of the First Step Act turns on a simple, categorical question: namely, whether a defendant's offense of conviction was a crack cocaine offense affected by the Fair Sentencing Act. If so, the defendant is categorically eligible for consideration regardless of actual quantities. The particular quantities affect only the Court's discretionary call on whether to grant a reduction in sentence.
>
> . . .
>
> . . . This is a categorial decision based on the type of prior conviction, not any particular quantity determination. The Court then determines whether to exercise its discretion to reduce the defendant's sentence. This determination is informed by a guideline comparison between the guidelines as they existed during the original sentencing and the guidelines as they exist today, as well as from any other information the parties present or the Court chooses to consider. Based on this information, the Court will then determine the extent of any reduction it decides in its discretion to award, consistent with statutory limits, non-binding guideline considerations, and the Section 3553 factors.

*United States v. Boulding*, 379 F. Supp. 3d 646, 648, 651, 654 (W.D. Mich. 2019), *aff'd on these points but vacated on other grounds*, 960 F.3d 774 (6th Cir. 2020).

3

The instant defendant was found guilty of an offense involving 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Section 2 of the Fair Sentencing Act of 2010 modified the statutory penalties for that offense. *See* Fair Sentencing Act, 124 Stat. 2372. The defendant committed his crimes prior to, but was not sentenced until after, the enactment of the First Step Act. He did not receive the benefit of the First Step Act due to then-binding Sixth Circuit authority. *See United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010).[2] Thus, he was sentenced for "a covered offense" and is eligible, at least in part, to be considered for First Step Act relief.

## II. Factual Background

Judge Phillips' 2011 judgment imposed a sentence of 168 months' imprisonment to be followed by a term of five years' supervised release. The Presentence Investigation Report ("PSR") calculated a total offense level of 31. [PSR, ¶¶ 23-31]. The criminal history category was V, resulting in an advisory guideline range of 168 to 210 months. [*Id.*, ¶¶ 50, 74].

In March 2017, the Honorable Pamela L. Reeves granted the defendant's motion for sentence reduction under Amendment 782 to the United States Sentencing Guidelines. [Docs. 343, 349]. Judge Reeves reduced the defendant's prison term to 140 months (the bottom of the then-applicable and still current guideline range), and she left the five-year period of supervision in place. [*Id.*].

---

[2] *Carradine* was subsequently overruled by *Dorsey v. United States*, 567 U.S. 260 (2012).

The defendant completed service of that prison sentence on January 16, 2020. [Doc. 407]. Just five months later, the United States Probation office filed a petition for revocation of supervised release. [*Id.*]. As amended, that petition alleged violation of 9 different supervision conditions, all flowing from controlled substance abuse. [Docs. 407, 417]. The parties subsequently submitted an agreed order of revocation, by which the defendant admitted all of the violations alleged in the petition. The Court entered that order, imposing the parties' agreed-upon sentence of 18 months' imprisonment to be followed by three years of supervised release. [Doc. 430]. The defendant completed his revocation prison sentence on March 18, 2022. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Apr. 5, 2022).

### III. Analysis

The defendant's motion is authorized by the First Step Act because he was sentenced in this Court for "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." First Step Act, § 404(a). Specifically, the defendant's statutory term of imprisonment was reduced by section 2 of the Fair Sentencing Act *from* a mandatory minimum of ten years *to* mandatory minimum of five years, and his minimum term of supervised release was reduced from five years to four.

Of course, this defendant has already completed the prison sentence imposed by Judge Phillips. "If a prisoner does not challenge the validity of the conviction but rather only challenges his sentence or some aspect of it, the request for relief is moot once the

5

challenged portion of the sentence has expired." *United States v. Goldberg*, 239 F. App'x 993, 994 (6th Cir. 2007) (citation omitted). Thus, any argument he may now be attempting to raise, as to the prison sentence imposed by Judge Phillips, is moot.

The Court next notes defense counsel's apparent argument that the defendant *could* have faced a lower revocation guideline range had the First Step Act been considered in his revocation proceedings. [Doc. 461, p. 5]. However, the defendant acknowledges that, as those proceedings played out, that lower guideline range was what was applied by the parties in their agreement. [*Id.*, p. 5-6; doc. 430]. This argument therefore goes nowhere.

That leaves the minimum mandatory term of supervised release, which the First Step Act reduced from five years to four. Having considered the relevant 18 U.S.C. § 3553(a) factors, the Court concludes that no reduction in this defendant's term of supervised release is warranted due to his abysmal performance during the initial eight months of his supervision.

Upon his January 16, 2020, release from Bureau of Prisons custody, the defendant immediately tested positive for methamphetamine, suboxone, and marijuana. [Doc. 417]. Three weeks later, and again a month after that, he failed additional drug screens. [*Id.*]. He did not attend outpatient treatment as directed. [*Id.*]. He was twice arrested for controlled substance offenses, and he reported neither arrest to his probation officer as required. [*Id.*]. The defendant did not even maintain clear conduct while serving his agreed revocation sentence. [Doc. 470, Ex. 2].

6

The present defendant has given this Court no indication that he is willing to comply with supervised release conditions. To shorten his term of supervision on these facts would not promote respect for the law, afford adequate deterrence, or protect the public from future crimes. His requests for relief under the First Step Act will accordingly be denied in their entirety.

## IV. Compassionate Release

The defendant's motions do not expressly mention the compassionate release statute. The United States nonetheless addressed that theory because the defendant asked for an early release from his revocation sentence due to the needs of his daughter and girlfriend.

Section 3582(c)(1)(A)(i) of Title 18 allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." However, such motions cannot be entertained by a district court until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

As argued by the United States, nothing in the current record indicates that the defendant exhausted his administrative remedies as required by § 3582(c)(1)(A). Because the defendant has not documented his exhaustion of administrative remedies, and because

7

the United States objects on that ground, the Court finds that it lacks authority to consider compassionate release in this case. *See United States v. Alam*, 960 F.3d 83 (6th Cir. 2020).

Even if the Court did have that authority, the request would be denied as moot. The defendant's revocation sentence has already expired.

**V.      Conclusion**

For the reasons provided herein, the defendant's motions for sentence reduction [docs. 441, 461] are **DENIED**.

        **IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge